## Cornell's Estate

Before Lamorelle, P. J., Henderson, Van Dusen, Stearne, Sinkler, and Klein, JJ.

*G. Leo Sutton,* of *Bell, Truscott, Henry & Sutton,* for exceptant.

*George P. Aarons,* contra.

LAMORELLE, P. J., June 19, 1935.—Testator made a series of pecuniary legacies of $1,000 each, two of $1,000 in trust, one of $50,000 in trust, and gave the residue to a son absolutely.

The three trust legacies were given "out of my personal estate."

The learned auditing judge ruled that these three trust legacies were limited to the personal estate.

The exceptions are by one of the trustees named in the will, whose contention is that the trust legacies are "demonstrative" as distinguished from "general"; this because they are payable out of the personal estate.

No cases are cited in support of this theory; nor do we know of any.

A demonstrative legacy is one payable out of or charged upon a certain fund or security—and if such fund is inadequate the general estate is liable.

In the instant case, we are of opinion that the words are words of limitation and come directly within the proviso of section 17 of Wills Act of June 7, 1917, P. L. 403. This act states that all pecuniary legacies shall be payable out of any real estate not specifically devised "unless a contrary intention shall appear by the will." Cornell's will, executed in 1927, clearly expresses a contrary intention.

There was nothing before the learned auditing judge except personal property, and he properly decided that all legacies abated pro rata, in that the personalty was insufficient to pay them in full.

All exceptions are dismissed, and the adjudication is confirmed absolutely.